Haney v. Cochrane

---

ELZIE A. HANEY v. J. O. COCHRANE AND JOHN HENRY FORD

No. 7226SC112

(Filed 26 April 1972)

Negligence § 57— invitee in junkyard — injury from falling car

In this action to recover for personal injuries sustained when a car which had been sitting on its side in a junkyard fell on plaintiff, the evidence was insufficient to show that the car was in a dangerous and unstable position before it fell or that one of the defendants removed a tire which had been supporting the car, and defendants' motions for directed verdicts were properly allowed.

Judge BROCK concurs in the result.

APPEAL by plaintiff from *McLean, Judge,* 2 September 1971 Schedule "B" Session of Superior Court held in MECKLENBURG County.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries allegedly resulting from the joint and concurring negligence of the defendants on 1 November 1968.

The plaintiff offered evidence tending to show that the defendant, John Henry Ford (Ford), owned and operated a junkyard on premises which he leased from the defendant, J. O. Cochrane (Cochrane), at the corner of Valley Dale and Lake Hills Roads in Mecklenburg County, North Carolina. Plaintiff, Elzie A. Haney (Haney), had sold the "junkyard" business to Ford approximately four months prior to the date of the incident complained of. On 1 November 1968, between nine and ten o'clock, Haney went to the junkyard for the purpose of talking with Ford about doing some work for him. While Haney was in the junkyard with Cochrane looking at some used automobile parts, a 1958 Oldsmobile automobile, which had been placed on its side by Ford, fell on plaintiff causing the personal injuries complained of.

Ford's motion for directed verdict made at the close of plaintiff's evidence was allowed and Cochrane's motion for directed verdict made at the close of all the evidence was allowed. From a judgment directing verdicts in favor of the defendants, the plaintiff appealed.

*Hugh G. Casey, Jr., for plaintiff appellant.*

*James B. Ledford for J. O. Cochrane defendant appellee.*

*Sanders, Walker & London by James E. Walker and Robert G. McClure, Jr., for John Henry Ford defendant appellee.*

HEDRICK, Judge.

Assuming, *arguendo,* that plaintiff was an invitee on Ford's premises, the question is raised as to whether the evidence, when considered in the light most favorable to him, is sufficient to be submitted to the jury on the issue of defendants' negligence. With respect to the negligence of Ford and Cochrane, plaintiff alleged:

"18. The defendant John Henry Ford was negligent in that he failed to act with due care, to wit:

He placed, or caused to be placed, or allowed to remain, an automobile in a dangerous and unstable position, and cre-

Haney v. Cochrane

ated an unsafe condition in a location where he knew, or should have known, that members of the public were likely to be present.

19. The defendant J. O. Cochrane was negligent in that he pulled away a tire, supporting a car in an unstable and dangerous position, without first seeing that such a movement could be made in safety and without giving any warning to the plaintiff when the defendant J. O. Cochrane knew or should have known that pulling away the tire would cause the car to fall and cause injury to anyone in the vicinity."

The plaintiff introduced into evidence from Ford's interrogatories:

"* * * On November 1, 1968, there was located on the premises an Oldsmobile automobile placed there by Elzie A. Haney. * * * The automobile was tilted up on its side and it was braced with tires. These tires were under one side of the automobile. Richard A. Bowers placed the tires under one side of the automobile. * * * John Henry Ford tilted the automobile on its side. The tires placed by Richard A. Bowers under the automobile were the same tires that braced the automobile up on its side. * * * I became aware that Richard A. Bowers had placed the tires under the automobile at the time he did it. * * *"

From Ford's deposition, plaintiff offered the following:

"* * * After I bought the lot, Mr. Richard Bowers put tires under the car, and we turned it up on its side with a truck. * * * We used a chain on a truck to pull it up. Mr. Bowers put some tires underneath it to keep it from tilting back. This was about three weeks before Mr. Haney was hurt, and I was pulling it back when Mr. Bowers put the tires under it. * * *"

Plaintiff testified in pertinent part:

"* * * I saw Mr. Cochrane pull the prop out and take a couple of steps. This prop was an automobile tire and wheel. He was on my left, facing me. The car was behind me. Mr. Cochrane picked up a wheel by the side of me on the left side. I was a couple of feet from the car and the

wheel was touching the car by the back door. I couldn't say the wheel was holding the car up.

\*    \*    \*

\* \* \* The automobile which fell on me came from behind. It didn't come from my left and it didn't come from my right. I don't know whether I noticed the automobile turned on its side or not before it fell on me.

\* \* \* I must have walked right by the car, I don't remember if I noticed it. \* \* \*

\*    \*    \*

\* \* \* I did not see the tire and wheel before he picked it up and I actually saw him pick it up. I presume that the car was propped by the tire and I am not sure if I saw it propped by the tire.

\* \* \* He got the tire laying right against the car. The tire was laying flat on the ground and he moved the tire. I can't say it was under the car. \* \* \*"

Other than Ford's statements from his interrogatories and deposition that he and Richard Bowers turned the Oldsmobile on its side and braced it with tires where it remained for three weeks, there is no evidence as to how the automobile was situated on the lot before it fell. The record is devoid of evidence that the vehicle was in a "dangerous and unstable position" before it fell. The plaintiff repeatedly testified that he did not see the automobile before it fell on him, and he obviously "presumed that the car was propped by the tire" which he saw Cochrane pick up and move. Ford's statement in his deposition that "Mr. Cochrane said that he had taken away a tire from underneath the car," when considered together with all the evidence, is not sufficient to raise an inference that Cochrane "pulled away a tire, supporting a car in an unstable and dangerous position."

We agree with the ruling of the trial judge that there is not sufficient evidence of defendants' actionable negligence to require the submission of this case to the jury.

The judgment directing verdicts in favor of the defendants is affirmed.

Affirmed.

Judge VAUGHN concurs.

Judge BROCK concurs in the result.